SAMPLE, WALLACE, Associate Judge.
In the trial of this motor vehicular accident case the defendant (appellant) endeavored to introduce into evidence the deposition of a witness who was without the jurisdiction and unavailable. The testimony relates to the exact position of a parked vehicle, a trailer which was involved in the accident. After the reading of the deposition had begun plaintiff (appellee) objected to the entire deposition on the ground that its contents were not relevant to the issues on trial. The trial judge sustained the objection and we affirm the correctness of his ruling.
The deposing witness stated the time he saw the vehicle to be at a time several hours after the accident occurred rather than before, leading to the reasonable conclusion, when considered with all other pertinent testimony, that the witness saw some vehicle other than the one involved in the accident.
In an effort to extricate himself from a difficult situation defendant’s counsel at *156 tempts to demonstrate that the inaccuracy of the statement concerning the time was cured elsewhere in the deposition by the following statement:
“Q Colonel Nuzum, what happened, if anything, to refresh your 'memory or to remind you of this incident thereafter?
“A When I returned to the motel, Mr. Mackay, the Manager, serves breakfast and coffee for the guests there; there was no restaurant in the development at that time; and I don’t recall whether it was that evening, I’m sure it was but I’m positive, or the next evening — next morning, I stopped in to get a cup of coffee and just mentioned on my way to town I almost had a wreck, and that was all that was said there. And later Mr. Mackay said, ‘Well, somebody did have a wreck right after you went by there.’ I said, ‘Who was it?’ He said, ‘I don’t know, but there was a collision or a wreck that took place down there shortly after you had gone by.’ And that was the last I heard of it until I was called up to give a statement by some insurance adjustor; I don’t recall his name.” (Italics added)
Appellant contends the quoted passage was offered merely to show that the conversation itself took place at the time when it did, and not to prove the truth of any matter asserted by the declarant Mackay, hoping thereby to establish the chronological relationship between the deponent’s observation of the vehicle and the accident. We cannot agree with appellant’s contention. An examination of the deposition in its entirety shows the testimony on the whole to be vague, indefinite, uncertain and lacking in any sufficient degree of identification of the vehicle observed by the witness to connect it with the accident in question. One offering a deposition into evidence is bound by the testimony as therein contained. In this case the witness definitely states the time of his observations to be one day later than appellant contends was actually the case. What would have developed at the trial had the witness been present and by further testimony attempted to pinpoint,, or correct, the element of time would be solely a matter of conjecture and of no-concern here. He was not present; he testified to a certain date rather than one day earlier and appellant is bound by his-testimony. The quoted testimony is insufficient to cure the defect. Even when viewed in the most favorable light we can discern nothing therein to aid appellant.
Affirmed.
ALLEN, Acting C. J., and SHANNON,. J., concur.